## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PIOTR KRZYZANOWSKI

      Plaintiff,                              CASE NUMBER:

      v.

ROPK HOLDINGS INCORPORATED,
a Florida corporation d/b/a POLAIR
and ROBERT OKUN, individually.
      Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, PIOTR KRZYZANOWSKI ("KRZYZANOWSKI"), was employed by Defendants, ROPK HOLDINGS, INCORPORATED, a Florida Profit Corporation d/b/a POLAIR ("ROPK"), and ROBERT OKUN ("Okun" and collectively, "Defendants"), as a provider of HVAC-related services. Plaintiff brings this Action for violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b), breach of oral contract, and unjust enrichment, by and through their undersigned counsel, and hereby file this Complaint against Defendants and say:

## JURISDICTION AND VENUE

1.    This action is brought against the Defendants pursuant to 29 U.S.C. § 201, et seq. (hereinafter the "Fair Labor Standards Act", the "FLSA" or the "Act"), breach of contract, and for unpaid wages under Florida's Minimum Wage Act, § 448.110, Florida Statutes, and Florida Common Law.

2.    Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. Venue is proper in the Southern District of Florida because Plaintiffs were employed by Defendants in this District; because Defendants, at all material times, conducted and continue to conduct business in the Southern District of Florida; because the acts that give rise to Plaintiff's claims within the Southern District of Florida; pursuant to 28 U.S.C. §§ 1391(b) and (c); and because Defendants are subject to personal jurisdiction herein.

4. All conditions precedent to this action have heretofore been performed or have been waived.

## PARTIES

5. Plaintiff is a resident of Palm Beach County, Florida, over the age of 18 and otherwise *sui juris*. During all times relevant to this Complaint, Plaintiff was employed by Defendants as an HVAC technician.  Plaintiff was therefore an "employee" as defined by 29 U.S.C. § 203(e) and covered as an employee.

6. ROPK is a corporation organized and existing under and by virtue of the laws of the State of Florida with its principal place of business in Palm Beach County, Florida. ROPK has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

7. Okun, who resides in the Southern District of Florida is a president, owner and/or operator of ROPK, and also performs managerial functions.  Okun had and has operational control of significant aspects of ROPK's day-to-day functions, including supervision and control of Plaintiff and the work the Plaintiff performed, employment practices, and compensation of Plaintiff.

8. Okun also had the power to hire and fire employees of ROPK, set their wages, retain time and/or wage records, and otherwise control the terms of the employment. Okun had the power to stop any illegal pay practices that harmed Plaintiff.

9. Okun acted and acts directly in the interests of ROPK in relation to its employees. Thus, ROPK was and is an employer within the meaning of Section 3(d) of the Act, 29 U.S.C§ 203(d).

10. At all times relevant hereto, Defendants were covered employers under the FLSA 29 U.S.C. §§ 203 (d) and (s) (1) in that they had employees engaged in commerce working on goods or materials that have been moved in or produced for commerce by any person.

11. Defendants operate a Florida For Profit Corporation in the business of HVAC services, installations, and repairs. Plaintiff was employed by Defendants, whose principal place of business is in Palm Beach County, Florida.

12. At all times material to this Complaint, Defendants have had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce.

13. ROPK, upon knowledge and belief, has gross revenue that exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines. ROPK is, therefore, covered as an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(s).

## GENERAL ALLEGATIONS

14. On September 25, 2019, Plaintiff and Okun executed a set of Bylaws for ROPK Holdings, Incorporated. (Exhibit "1").

15. On the same day, Plaintiff and Okun executed a set of minutes for the Organizational Meeting of the Board of Directors of ROPK Holdings, Incorporated. (Exhibit "2")

16. Plaintiff is a 30% shareholder in ROPK Holdings, Incorporated, and was also a former officer and employee in the company.

17. Defendants represented to Plaintiff, both before and after the incorporation of ROPK, that Plaintiff and Okun would receive equal salary/wages, but the same would not be less than $149,999.98 each. However, in the event that the company could not afford to pay both $149,999.98 each, then the pay would be split equally between them. In addition, Okun would receive other various benefits like health insurance and a company-leased vehicle.

18. Defendants continued to make these representations to Plaintiff before his employment with Defendant on or about September 2019 and continue to make such representations until the date of Plaintiff's termination on or about March 28, 2025.

19. Notwithstanding the fact that Plaintiff is a shareholder in ROPK and was an officer in ROPK, pursuant to minutes for the Organizational Meeting of the Board of Directors of ROPK Holdings, Incorporated, Okun, as President of ROPK, was responsible for managing employees and paying their compensation.

20. Okun advised and supervised every aspect of Plaintiff's work.

21. Payroll issued by the Defendants was to occur on a bi-weekly basis.

22. At no time during the course of Plaintiff's employment with Defendant did Plaintiff ever receive his full annual salary/wages of $149,999.98.

23. At no time during the course of Plaintiff's employment with Defendant did Plaintiff receive a wage equal to that of Okun's.

24. Okun, as a part of his scheme, "hired" his wife, Lisa Okun, to work for the company. Lisa Okun, in fact, performed no work for the company and was only listed as an employee solely to receive wages for the benefit of Okun.

25. As a result, Okun, in addition to the wages received by his wife, always got paid more than Plaintiff, in violation of their agreement.

26. Throughout his employment, and up until his termination, Defendants continually assured Plaintiff that Plaintiff would be paid all back wages owed to him, for a total of $149,999.98 annual salary Plaintiff was promised.

27. Even though Defendant set up their payroll system to pay Plaintiff the promised salary of $149,999.98, in actuality, Okun would manually adjust the system every pay period to lessen Plaintiff's pay.

28. On or about February 2025, without input or consent from Plaintiff, the Defendants informed Plaintiff that he would be paid a salary/wages of $105,000.00 per year as opposed to the agreed-upon $149,999.98 a year, in violation of their agreement.

29. Despite the new representation, Plaintiff never received a paycheck that, when annualized, would amount to a salary/wages equal to $105,000.00.

30. Further, Okun paid himself bonuses while refusing to give Plaintiff one. As a result, Okun's compensation was greater than that of the Plaintiff, contrary to the agreement between the parties.

31. The amount Plaintiff received for his paychecks also varied from month to month.

32. There were periods of time where Plaintiff performed work for Defendants but was not paid anything for his work.

33. Plaintiff was terminated on March 28, 2025, as a result of his complaints and demands to Defendants for monies due and owing to him.

34. Plaintiff has retained the undersigned law firms to prosecute this action on his behalf and has agreed to pay a reasonable fee for legal representation services.

35. Plaintiff is entitled to his reasonable attorneys' fees and costs if he is the prevailing party in this action.

## COUNT ONE: BREACH OF ORAL AGREEMENT

36. Plaintiff re-alleges and re-avers paragraphs 1–35 as fully set forth herein.

37. The employment agreement between Plaintiff and Defendant was that Plaintiff would be paid an annual salary of at least $149,999.98, or, if the company could not pay the amount that year, then Plaintiff's and Okun's pay would be split equally.

38. The same is memorialized by payroll records that were at all times controlled by Defendants, which reflect that Plaintiff is to receive an annual salary of $149,999.98. (Exhibit "3").

39. However, despite the agreement, Plaintiff never received at least $149,999.98 in salary throughout his employment with Defendant, nor did he receive a salary equal to that of Okun's.

40. Okun "hired" his wife, Lisa Okun, to work for the company. In reality, Lisa Okun performed no work for the company and was only listed as an employee solely to receive wages for the benefit of Okun.

41. As a result, Okun, in addition to the wages received by his wife, always got paid a larger amount than that of the Plaintiff, contrary to their agreement.

42. Defendants, during the course of Plaintiff's employment, continuously assured Plaintiff that he would be paid a minimal annual salary of $149,999.98 and any back amounts due and owing.

43. Plaintiff relied upon Defendants' promises and continued working full-time for Defendants.

44. Defendants failed to pay Plaintiff according to the agreement between the parties.

45. As a result of the Defendant's breach, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff, demands judgment for:

    a) Damages in the amount to be determined at trial;

    b) Plaintiff's cost of suit herein, together with reasonable attorney's fees incurred in this action;

    f) Such other relief as the Court deems just and proper.

### COUNT TWO: VIOLATION OF FLSA / MINIMUM WAGE

46. Plaintiff re-alleges and re-avers paragraphs 1–35, as fully set forth herein.

47. During the course of Plaintiff's employment with Defendants, there were periods of time where Plaintiff was paid nothing for his work.

48. The Defendants willfully violated §§ 6 and 15 of the FLSA by failing to compensate Plaintiffs at a rate equal to the federal minimum wage for work performed while Defendants employed Plaintiff during the relevant time period.

49. As a direct result of Defendants' willful violation of federal laws, Plaintiff has suffered damages, including wages, liquidated damages, and costs and fees associated with this action.

**WHEREFORE**, for workweeks within three (3) years of the filing of this Complaint, Plaintiff requests judgment for:

    a) Minimum wage payment, wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendants' violation of the FLSA.

    b) Interest on the amount found due;

    c)    Liquidated and compensatory damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

    d)    Assessment against Defendants of reasonable costs and reasonable attorney's fees of this action; and

    e)    Such other relief as the Court deems just and proper.

## COUNT THREE: UNJUST ENRICHMENT

50. Plaintiff re-alleges and re-avers paragraphs 1-35 as fully set forth herein.

51. Pursuant to Fla. R. Civ. P. 1.110(g), in the alternative to Count One, Plaintiff claims relief under unjust enrichment.

52. At the time of Plaintiff's termination, Plaintiff was only partially compensated for the services he rendered Defendants.

53. As part of the agreement between Plaintiff and Defendants, Plaintiff was to be paid at least $149,999.98 annually in exchange for his services, or, if the company could not pay the amount that year, then Plaintiff's and Okun's pay would be split equally.

54. Defendants benefited from Plaintiff's work and were aware that Plaintiff expected to be fully compensated for at least $149,999.98 in salary, or to be compensated at the amount equal to that of Okun's.

55. Throughout the years Plaintiff was employed by Defendants, Defendants failed to pay Plaintiff at least $149,999.98 every year, and Plaintiff was always compensated less than Okun.

56. Defendants have therefore been unjustly enriched at the expense of Plaintiff by failing to pay Plaintiff the compensation to which Plaintiff is rightfully entitled.

**WHEREFORE**, Plaintiff requests judgment against Defendants as follows:

    a. Compensatory damages according to evidence at trial;

    b. Consequential damages;

    c. Attorney's fees and costs incurred from this action;

    d. Interest; and

    e. Such other relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff, PIOTR KRZYZANOWSKI, hereby demands a trial by jury on all issues contained herein so triable as a matter of right.

Dated: September 26, 2025.

**LAW OFFICE OF CHARLES M. EISS, P.L.**
550 South Andrews Avenue, Suite 600
Fort Lauderdale, Florida 33301
Tel: (954) 914-7890
Fax: (855) 423-5298

By: /s/ CHARLES EISS
Charles M. Eiss, Esq.
Florida Bar No. 612073
Email: chuck@icelawfirm.com
Nhu Cao, Esq.
Florida Bar No.: 1050344
Email: nhu@icelawfirm.com

**BISHOP LAW, P.A.**
370 W Camino Gardens Blvd
Suite 201G
Boca Raton, FL 33432
Telephone: (561) 334-2015

By: /s/ Danielle Bishop
Co-Counsel for Plaintiffs
Attorney Danielle Bishop
E-Mail Addresses: danielle@bishoplawpa.com
ino@bishoplawpa.com
Florida Bar No. 48687