UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 25-CV-81207-EA

PIOTR KRZYZANOWSKI,

Plaintiff,

vs.

ROPK HOLDINGS INCORPORATED, *et al*,

Defendants.

_____/

## REPORT AND RECOMMENDATION ON MOTION TO DISMISS AMENDED COMPLAINT [ECF No. 14]

Defendants Robert Okun and ROPK Holdings Incorporated ("ROPK"), (together, "Defendants") filed a Motion to Dismiss ("Second Motion to Dismiss"). ECF No. 14. On January 27, 2026, Judge Artau referred all dispositive matters to me for a Report and Recommendation. ECF No. 17. This matter is ripe for decision. For the reasons stated below, I recommend that the Second Motion to Dismiss should be **GRANTED in part** and **DENIED in part**.

I.      PROCEDURAL POSTURE

On September 26, 2025, Mr. Krzyzanowski filed his Complaint alleging breach of oral agreement, violation of the FLSA, and unjust enrichment. ECF No. 1. On November 10, 2025, Defendants filed a Motion to Dismiss. ECF No. 8.[1] Before a ruling

---

[1] Judge Artau denied the Motion to Dismiss as moot on March 20, 2026. ECF No. 22.

on the Motion to Dismiss, Mr. Krzyzanowski filed his Amended Complaint re-alleging breach of oral agreement (Count I), violation of the FLSA (Count II), and unjust enrichment (Count III). ECF No. 11. On December 30, 2025, Defendants filed the Second Motion to Dismiss. ECF No. 14. Mr. Krzyzanowski filed a Response to the Second Motion to Dismiss ("Response") and the Defendants filed their Reply to the Response. ECF Nos. 15, 16.

## II.     FACTS FROM THE AMENDED COMPLAINT

Mr. Krzyzanowski and Mr. Okun, on behalf of ROPK, entered into an oral agreement for Mr. Krzyzanowski to be hired as an HVAC technician. ECF No. 11 ¶¶11, 33. As well, Mr. Krzyzanowski was named Treasurer and Secretary of ROPK. ECF No. 11-2 at 2. Because of these titles, ROPK's Bylaws added certain responsibilities to Mr. Krzyzanowski. *Id.* Mr. Krzyzanowski and Mr. Okun agreed that they "would receive equal salary/wages, but the same would not be less than $149,999.98 each. However, in the event that the company could not afford to pay both $149,999.98 each, then the pay would be split equally between them." ECF No. 11 ¶17.

Mr. Okun, on behalf of ROPK, made these representations to Mr. Krzyzanowski from September 2019 through March 28, 2025. *Id.* ¶18. "To [ ] memorialize the agreement between [Mr. Krzyzanowski] and ROPK, [Mr. Krzyzanowski's] payroll was set to $5,769.23 on a bi-weekly basis, which would equal a $149,999.98 salary." *Id.* ¶20. Mr. Krzyzanowski was never paid pursuant to this

agreement. [2] *Id.* ¶¶ 21-22. Still, Mr. Okun promised that Mr. Krzyzanowski would receive "all back wages owed." *Id.* ¶25. Yet, Mr. Krzyzanowski's pay continued to decrease each pay period. *Id.* ¶26. There were periods where he was never paid at all for the work he performed. *Id.* ¶51.

In February 2025, Mr. Krzyzanowski was informed that his pay would be decreased to $105,000.00 per year. *Id.* ¶27. Once again, Mr. Krzyzanowski "never received a paycheck that, when annualized, would amount to a salary/wages equal to $105,000.00." *Id.* ¶28.

### III.        MOTION TO DISMISS STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss will be granted if the plaintiff fails to state a claim for which relief can be granted. According to the federal rules, a claimant must only state "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pled factual allegations in the complaint, as well as all attachments thereto, and evaluates all plausible inferences derived from those facts in favor of the Plaintiff. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012). The plaintiff must plead "enough facts to state

---

[2] Mr. Okun hired his wife, Lisa Okun, to work for ROPK. *Id.* ¶23. However, Mrs. Okun never performed any work for ROPK, but still received a salary. *Id.* She was "only listed as an employee solely to receive wages for the benefit of [Mr.] Okun" to distort his payments. *Id.* ¶¶23-24.

3

a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Although a plaintiff need not state in detail the facts upon which he bases his claim, Rule 8(a)(2) "still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Id.* at 555 n. 3.  In other words, a plaintiff's pleading obligation requires "more than labels and conclusions." *Id.* at 555; *see also Pafumi v. Davidson*, No. 05–61679–CIV, 2007 WL 1729969, at *2 (S.D.Fla. June 14, 2007) (J. Cohn).

## IV.    LEGAL BACKGROUND

### A.  Fair Labor Standards Act

The FLSA sets the federally required minimum hourly wage. 29 U.S.C. § 206. Under Section 207 of the FLSA, overtime compensation of "one and one-half times the [employee's] regular rate" is required for each hour worked in excess of forty hours per week. 29 U.S.C. § 207. In relevant part, under the United States Code:

> Any employer who violates the provisions of section 6 or section 7 of this Act shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.

29 U.S.C. § 216(b).

The FLSA's purpose is to "protect[ ] workers from substandard wages and oppressive working hours." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982). The FLSA is mandatory and its rights "cannot be abridged by contract or otherwise waived." *See id.*

There is a narrow exemption to the FLSA called the "Business Owner Exemption." *Jouleh v. Behzadi*, No. 16-81333-CIV, 2016 U.S. Dist. LEXIS 198394, at * 5 (S.D. Fla. Oct. 25, 2016). It is an affirmative defense on which the defendant bears the burden of

proof; it can be the basis for Rule 12(b)(6) relief "only where the defense is irrefutable on the face of the complaint." *Paschalidis v. Airline Rest. Corp.*, No. 20-CV-02804, 2021 WL 5013734, at *2 (E.D.N.Y. Oct. 28, 2021). The exemption says that the FLSA will not apply to:

> any employee employed in a bona fide executive, administrative, or a professional capacity (including any employee employed in the capacity of academic administrative personnel or teacher in elementary or secondary schools), or in the capacity of outside salesman (as such terms are defined and delimited from time to time by regulations of the Secretary, subject to the provisions of the Administrative Procedure Act except than an employee of a retail or service establishment shall not be excluded from the definition of employee employed in a bona fide executive or administrative capacity because of the number of hours in his workweek which he devotes to activities not directly or closely related to the performance of executive or administrative activities, if less than 40 per centum of his hours worked in the workweek are devoted to such activities)

29 U.S.C. § 213(a)(1). The term "employee employed in a bona fide capacity" means "any employee who owns at least a bona fide 20-percent equity interest in the enterprise in which the employee is employed . . . and who is actively engaged in its management." 29 C.F.R. § 541.101. The term

> "management" includes, but is not limited to, activities such as interviewing, selecting, and training of employees; setting and adjusting their rates of pay and hours of work; directing the work of employees; maintaining production or sales records for use in supervision or control; appraising employees' productivity and efficiency for the purpose of recommending promotions or other changes in status; handling employee complaints and grievances; disciplining employees; planning the work; determining the techniques to be used; apportioning the work among the employees; determining the type of materials, supplies, machinery, equipment or tools to be used or merchandise to be bought, stocked and sold; controlling the flow and distribution of materials or merchandise and supplies; providing for the safety and security of the employees or the property; planning and controlling the budget; and monitoring or implementing legal compliance measures.

*Id.* § 541.102.

B. *Breach of Oral Agreement*

"The elements of a breach-of-oral-contract claim are the 'same elements of a written contract;' namely the formation of a contract, the assumption of mutual obligations, tender of consideration, and breach." *Argos Glob. Partner Servs., LLC v. Ciuchini*, 446 F.Supp.3d 1073, 1093 (S.D. Fla. 2020) (citation omitted). "[S]ufficient specification of the essential terms" is also required. *Kolodziej v. Mason*, 774 F.3d 736, 740 (11th Cir. 2014); *PNCEF, LLC v. Highlander Enters., LLC*, No. 0980974, 2010 WL 11504754, at \*2 (S.D. Fla. Mar. 2, 2010) ("An oral contract is subject to the basic requirements of contract law such as offer, acceptance, consideration, and sufficient specification of essential terms").

"[T]o form an enforceable oral contract, 'there must be a meeting of the minds on all essential terms and obligations of the contract.'" *Venus Lines Agency, Inc. v. CVG Int'l Am., Inc.*, 234 F.3d 1225, 1229 (11th Cir. 2000) (quoting *Browning v. Peyton*, 918 F.2d 1516, 1521 (11th Cir. 1990)). "[T]he evidence must show that 'the parties mutually assented to "a certain and definite proposition" and left no essential terms open.'" *Veguilla v. Andino*, No.18-CV-24793, 2019 WL 5291014, at \*4 (S.D. Fla. Aug. 5, 2019) (quoting *Merle Wood & Assocs., Inc. v. Trinity Yachts, LLC*, 857 F. Supp. 2d 1294, 1301 (S.D. Fla. 2012)). "Which terms are 'essential' to a contract varies according to the nature of the contract." *Radde v. BMS Intermediaries, Inc.*, No. 18-23274-Civ, 2019 WL 8892618, at \*3 (S.D. Fla. Mar. 6, 2019) (citation omitted). "An essential term, it would seem, of any employment contract, would be what is expected from an employee in return for a stated sum." *Id.* If the material terms are not

6

present, "the Court 'cannot make a contract for the parties.'" *Id.* (quoting *Truly Nolen, Inc. v. Atlas Moving & Storage Warehouses, Inc.*, 125 So. 2d 903, 905 (Fla. 3d DCA 1961)).

### C. Unjust Enrichment

"[A] claim for unjust enrichment is to prevent the wrongful retention of a benefit, or the retention of money or property of another, in violation of good conscience and fundamental principles of justice or equity." *Peyton v. Grant*, No. 24-CV-21649, 2026 WL 323038, at *4 (S.D. Fla. Feb. 6, 2026) (quoting *Marrache v. Bacardi U.S.A., Inc.*, 17 F.4th 1084, 1101 (11th Cir. 2021)). In Florida, unjust enrichment requires "(1) plaintiff conferred a benefit upon the defendant, who has knowledge of that benefit; (2) defendant accepts and retains the conferred benefit; and (3) under the circumstances, it would be inequitable for the defendant to retain the benefit without paying for it." *Vibo Corp. v. US Flue-Cured Tobacco Growers*, 762 F. App'x 703, 705 (11th Cir. 2019) (quoting *Fito v. Att'ys Title Ins. Fund, Inc.*, 83 So. 3d 755, 758 (Fla. 3d DCA 2011)). Further, Florida requires that "the plaintiff must directly confer a benefit to the defendant." *Peyton*, 2026 WL 323038, at *5 (quoting *Kopel v. Kopel*, 229 So. 3d 812, 818 (Fla. 2017)).

### D. Amending a Complaint

Under Federal Rule of Civil Procedure 15, when a party may no longer amend its pleading as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

7

Courts are not required to grant leave when "amendment would be futile." *Stevens v. Premier Cruises, Inc.*, 215 F.3d 1237, 1239-40 (11th Cir. 2000) (citing *see Galindo v. ARI Mut. Ins. Co.*, 203 F.3d 771, 777 n.10 (11th Cir. 2000)). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Galindo*, 203 F.3d at 777 n.10 (citation omitted).

## V.   DISCUSSION

### A.  Fair Labor Standards Act

Defendants argue that (1) the FLSA preempts the breach of oral agreement and unjust enrichment claims and (2) Mr. Krzyzanowski is exempt from the FLSA due to the business owner exemption. ECF No. 14 at 3-6.

### 1.  FLSA Preemption

Defendants say that Count II preempts the breach of oral agreement and unjust enrichment claims in Counts I and III because these claims duplicate Mr. Krzyzanowski's FLSA claim. *Id.* at 3-4. Mr. Krzyzanowski responds that the claims for breach of contract and unjust enrichment are not preempted because they "seek broader relief than what the FLSA can provide." ECF No. 15 at 2-4.

"[T]he FLSA preempts all common law claims for unpaid wages." *Valcarcel v. Parking Mgmt. Servs. of Mia., Inc.*, No. 20-cv-21141, 2020 WL 13615896, at *1 (S.D. Fla. Apr. 9, 2020) (in the context of the Florida Minimum Wage Act). "Plaintiffs are not permitted to 'circumvent the exclusive remedy prescribed by Congress by asserting equivalent state law claims in addition to [a] FLSA claim.'" *Sanchez v. Bengoa Constr., Inc.*, No. 23-61770-CIV, 2024 WL 2797373, at *2 (S.D. Fla. Apr. 22,

2024) (quoting *Bule v. Garda CL Se., Inc.*, No. 14-21898, 2014 WL 3501546, at *2 (S.D. Fla. July 14, 2014)).

When applicable, "Courts dismiss duplicative state law common law claims where they rely on proof of the same facts." *Bule,* 2014 WL 3501546, at *2. But, "the 'FLSA does not necessarily preempt common law claims for compensation based on contract and related equitable legal theories provide[d] the claims do not duplicate the statutory claims.'" *Sanchez,* 2024 WL 2797373, at *2 (quoting *Fernandez v. Great Havana Inc.*, No. 22-22814, 2023 WL 4014800, at *3 (S.D. Fla. Apr. 4, 2023), *report and recommendation adopted sub nom*, 2023 WL 4349295 (S.D. Fla. July 5, 2023) (alteration in original)). *Compare Fernandez,* 2023 WL 4014800, at *3 (holding "Count II of the Amended Complaint [for breach contract for failure to pay wages] seeks to recover wages independent of the FLSA claim" because the amount sought "pursuant to its contract [was] . . . separate and apart from" what is recoverable under the FLSA), *with Bule,* 2014 WL 3501546, at *2 (the court dismissed the breach of contract and unjust enrichment claims because the plaintiff "present[ed] the same material allegations: the difference [wa]s the way Plaintiff classified these claims").

In his Amended Complaint, Mr. Krzyzanowski's FLSA claim is titled "VIOLATION OF THE FLSA / MINIMUM WAGE" and seeks damages for "[m]inimum wage payment, wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff *by reason* of Defendants' *violation of the FLSA*," among other requested remedies. ECF No. 11 at 7-8 (emphasis added). To support his claim, Mr. Krzyzanowski says that "there were periods of time where [he] was paid nothing for

9

his work." *Id.* ¶51. Further, "[t]he Defendants willfully violated [the FLSA] . . . by failing to compensate Plaintiffs at a rate equal to the federal minimum wage for work performed while Defendants employed Plaintiff during the relevant time period." *Id.* ¶55.

By contrast, Mr. Krzyzanowski pleads unjust enrichment and breach of oral agreement actions, in the alternative, in addition to his FLSA claim. *See id.* ¶58. His claim for breach of oral agreement is based on his agreement for an annual salary." *Id.* ¶41. Mr. Krzyzanowski indicates that he "never received at least $149,999.98 in salary throughout his employment . . ., nor did he receive a salary equal to that of [Mr.] Okun's." *Id.* ¶43. For the unjust enrichment claim, Mr. Krzyzanowski pleads, once again, that his full compensation would be "$149,999.98 in salary, or to be compensated at the amount equal to that of [Mr.] Okun's." *Id.* ¶61. But, he was not paid his salary, nor was he "pa[id] . . . anything at all, and [Mr. Krzyzanowski] was always compensated less than [Mr.] Okun." *Id.* ¶60-62.

Count II does not duplicate the unpaid overtime and minimum wage remedies available under the FLSA. Count I alleges Mr. Krzyzanowski was not paid the contractually-agreed salary, which was not based on an hourly wage.

Count III also is not duplicative of Count I. Once again, Mr. Krzyzanowski is seeking damages for unjust enrichment *in excess* of those he would be able to recover under the FLSA. Count III alleges that Defendants did not pay Mr. Krzyzanowski's full salary amount and that he was not paid "the compensation to which [he] is rightfully entitled." *Id.* ¶62-63.

Accordingly, I find both causes of action for breach of oral agreement and unjust enrichment, as plead, to be akin to *Fernandez*, where the wages were sought "independent of the FLSA claim." 2023 WL 4014800, at *3. Because Counts I and III seek compensation beyond what is recoverable under the FLSA, there is no preemption issue. Thus, the Second Motion to Dismiss on this ground should be DENIED.

2.   Business Owner Exemption

It is undisputed that Mr. Krzyzanowski owns over 20% equity interest in ROPK. ECF No. 15 at 5; ECF No. 11 ¶16. The parties only contest whether Mr. Krzyzanowski is actively engaged in the management of ROPK. Defendants say that the business owner exemption applies to Mr. Krzyzanowski because he was actively engaged in the management of ROPK by the nature of his director-level titles, so he cannot bring his claim under the FLSA. ECF No. 14 at 4-6. Mr. Krzyzanowski says that any documents suggesting that he was actively engaged in management—based on references to the positions Treasurer and Secretary—are titles without responsibilities. ECF No. 15 at 4-6.

Here, Mr. Krzyzanowski attached to his Amended Complaint ROPK's Organizational Minutes, which include that Mr. Krzyzanowski was elected as the "Secretary/Treasurer" of ROPK. ECF No. 11-2 at 2-3. In the ROPK's Bylaws ("Bylaws"), the responsibilities of the Secretary (Section 8) are explained:

> The Secretary. The Secretary shall attend all meetings of the board and all meetings of the shareholders and record all votes and the minutes of all proceedings in a book to be kept for that purpose and shall perform

11

like duties for the standing committees when required. He shall give, or cause to be given, notice of all meetings of the shareholders and special meetings of the Board of Directors, and shall perform such other duties as may be prescribed by the Board of Directors or President, under whose supervision he shall act. He shall keep in safe custody the seal of the corporation and, when authorized by the board, affix the same to any instrument requiring it and, when so affixed, it shall be attested by his signature or by the signature of the Treasurer or an Assistant Secretary or Treasurer. He shall keep in safe custody the certificate books and stock bonds and such other books and papers as the board may direct and shall perform all other duties incident to the office of the Secretary.

ECF No. 11-1 at 6. The Bylaws also discuss the responsibilities of the Treasurer (Section 10):

The Treasurer. The Treasurer shall have the care and custody of the corporate funds, and other valuable effects, including securities, and shall keep full and accurate accounts of receipts and disbursements in books belonging to the corporation and shall deposit all moneys and other valuable effects in the name and to the credit of the corporation in such depositories as may be designated by the Board of Directors. The Treasurer shall disburse the funds of the corporation as may be ordered by the board, taking proper vouchers for such disbursements, and shall render to the President and directors, at the regular meetings of the board, or whenever they may require it, an account of all his transactions as Treasurer and of the financial condition of the corporation.

*Id.* at 6-7. Nonetheless, Mr. Krzyzanowski says that "[d]espite [his] title as Secretary and Treasurer, [he] was never able to perform his duties as a Secretary and Treasurer. [His] primary duties were those of an HVAC technician and not as a Secretary or a Treasurer." ECF No. 11 ¶33.

Even considering these materials, the business owner exemption is not "irrefutable on the face of the complaint." For a motion to dismiss, the evidence must be taken in the light most favorable to the plaintiff. As Mr. Krzyzanowski pleads that

he was not involved in the management of ROPK, he has plausible alleged enough facts to survive the motion to dismiss, despite the statements in the corporate documents. Therefore, the Second Motion to Dismiss on this ground should be DENIED.

### B. Breach of Oral Agreement

Defendants say that the "Amended Complaint fails to allege sufficient facts to adequately show the formation or material terms of the alleged contract and requisite facts to support the conclusory statements that some oral agreement existed." ECF No. 14 at 6. "[A]t a minimum," Defendants say that the payment terms should have been pled as an essential term. *Id.* at 7.[3] Mr. Krzyzanowski responds that he has properly plead the breach of an oral contract with specific information, including when it was formed and the terms. ECF No. 15 at 6.

Here, Mr. Krzyzanowski says that there was an oral agreement with ROPK that was "memorialized by payroll records." ECF No. 11 ¶¶41-42. Further, he says that "[Mr.] Okun, on behalf of ROPK . . . continuously assured [Mr. Krzyzanowski] that he would be paid a minimum annual salary of $149,999.98 and any back

---

[3] Defendants include a "notable" footnote regarding a provision in the Bylaws about director compensation. *Id.* at 9. Typically, courts decline to address substantive arguments summarily raised in a footnote, because "a legal argument only in a footnote is an incorrect place for substantive arguments on the merits." *Golden v. Univ. of Mia.*, No. 1:18-cv-24414, 2020 WL 6482197, at *1 n.1 (S.D. Fla. Sep. 1, 2020) (J. Gayles) (internal quotation marks omitted) (quoting *Espinoza v. Galardi S. Enters., Inc.*, No. 14-CIV-21244, 2018 WL 1729757, at *4 (S.D. Fla. Apr. 10, 2018) (J. Goodman)). Accordingly, I decline to address this argument.

amounts due and owing." *Id.* ¶46. As a result, "[Mr. Krzyzanowski] relied on [Mr.] Okun's representation made on behalf of ROPK and continued working full-time" as an HVAC technician. *Id.* ¶¶5, 47.

Viewed in the light most favorable to Mr. Krzyzanowski, these statements plausibly allege a claim for breach of an oral agreement. Mr. Krzyzanowski says that his oral employment agreement was to perform full-time work as an HVAC technician for a $149,999.98 annual salary, or splitting pay based on Mr. Okun's earnings. As well, Mr. Krzyzanowski was on payroll, a director of ROPK, and performed work on behalf of ROPK. Thus, viewing the evidence in the light most favorable to Mr. Krzyzanowski, I find this information is sufficient to support a claim of breach of an oral employment agreement. The Second Motion to Dismiss should be DENIED.

### C. Unjust Enrichment

#### 1. Insufficient Facts

Defendants argue that dismissal is appropriate because Mr. Krzyzanowski "has not pled any facts supporting" the elements for unjust enrichment. ECF No 14 at 10. Mr. Krzyzanowski says that he has plausibly alleged his claim" that he was only partially compensated for the services he performed." ECF No. 15 at 8.

To survive a motion to dismiss, all that is required is a "plausible claim for relief," which is "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and is "more than a sheer possibility that a defendant has acted unlawfully." *Insight Sec., Inc. v. Deutsche*

14

*Bank Trust Co. Ams.*, No. 21-12817, 2022 WL 2313980, at *3 (11th Cir. June 28, 2022) (quoting *Iqbal*, 556 U.S. at 678).

Here, Mr. Krzyzanowski generally says that he performed work for ROPK that he was never adequately compensated for completing, which caused ROPK to be unjustly enriched. More specifically, Mr. Krzyzanowski pleads that he was "only partially compensated for the services he rendered"; he was told that he would be compensated, but he was never fully compensated, even after his salary was reduced; and ROPK "accepted and benefitted from Plaintiff's work, and was aware that Plaintiff expected to be fully compensated" for his work. ECF No. 11 ¶59-62. Thus, Mr. Krzyzanowski has plausibly alleged that he provided uncompensated services to Defendants.

2.   Failure to Plead no Adequate Remedy at Law Exists

Defendants say that the Amended Complaint fails to allege that no adequate remedy at law exists. ECF No. 14 at 10-11. Mr. Krzyzanowski responds that this argument is (1) the same as the argument that unjust enrichment was improperly pled in the alternative and (2) that he did not need to explicitly state that no adequate remedy at law exists. ECF No. 15 at 8.

Unjust enrichment is an equitable remedy, which requires that there be no adequate remedy at law. *See Justice v. United States*, 6 F.3d 1474, 1480 (11th Cir. 1993) ("It is a longstanding maxim of Anglo–American law that relief in equity generally is inappropriate when the moving party has an adequate remedy at law"). "To state a claim for unjust enrichment, plaintiffs must make [the lack of an adequate

15

remedy at law] allegation clear in the complaint." *Martinez v. Weyerhaeuser Mortg. Co.*, 959 F. Supp. 1511, 1518 (S.D. Fla. 1996). Once a "plaintiff's complaint alleges that a valid contract exists, he must allege that no adequate remedy at law exists within his unjust enrichment claim." *Steel Media Grp., LLC v. Lewis*, No. 22-CV-21780, 2023 WL 1413043, at *10 (S.D. Fla. Jan. 6, 2023) (citing s*ee Coleman v. Cubesmart*, 328 F. Supp. 3d 1349, 1367 (S.D. Fla. 2018)); *Begualg Inv. Mgmt. Inc. v. Four Seasons Hotel Ltd.*, No. 10-22153-CIV, 2011 WL 4434891, at *7 (S.D. Fla. Sep. 23, 2011) (when a complaint alleges that a valid contract exists, the plaintiff "must allege that no adequate remedy at law exists within [his] unjust enrichment claim.").

Here, Count III does not allege the absence of an adequate remedy at law. Count I alleges breach of an oral agreement, which is compensable with money, Count III, which is pled in the alternative, must therefore be clear that there was no adequate remedy at law. Instead, Count III incorporates paragraphs from the "**GENERAL ALLEGATIONS**" which suggest that there was a valid agreement between the parties. ECF No. 11 ¶¶ 27, 29 (". . . in violation of their agreement" and ". . . contrary to the agreement between the parties"). Further, Mr. Krzyzanowski's argument that it is not necessary to plead the absence of an adequate remedy at law impliedly concedes that he did not plead one. Thus, Count III does not adequately plead that there is no adequate remedy at law and therefore fails to state a claim for unjust enrichment.

16

3. <u>Improper Pleading in the Alternative</u>

Defendants argue that the unjust enrichment claim improperly pleads the breach of oral agreement claim in the alternative because allegations of an express agreement are incorporated into the unjust enrichment claim. ECF No. 14 at 9-10. Mr. Krzyzanowski responds that he has properly pled unjust enrichment as an alternative cause of action to breach of the oral agreement because there is no agreement between the parties that an "express contract exists." ECF No. 15 at 7-9.

An unjust enrichment claim fails when there is "a showing that an express contract exists . . . Until an express contract is proven, a motion to dismiss a claim for promissory estoppel or unjust enrichment on these grounds is premature." *Sader v. Padron*, No. 18-cv-22891, 2018 WL 7287159, at *5 n.1 (S.D. Fla. Dec. 19, 2018); *see also In re Managed Care Litigation*, 185 F.Supp.2d 1310, 1337 (S.D. Fla. 2002) ("An unjust enrichment claim can exist only if the subject matter of that claim is not covered by a valid and enforceable contract.").

Here, Mr. Krzyzanowski incorporates some of his "**GENERAL ALLEGATIONS**" into his unjust enrichment claim, and some of these paragraphs suggest that there was an express contract between the parties. ECF No. 11 ¶¶ 27, 29 (" . . . in violation of their agreement" and ". . . contrary to the agreement between the parties"). Because of this incorporation by reference, Count III pleads that there was an agreement and payment was not made pursuant to that agreement. For this reason, it fails to state a claim for unjust enrichment.

17

4.  Based on Facts from Other Cause of Action

Defendants say that the unjust enrichment claim "fails because it is wholly based on the alleged wrongful conduct of Defendants alleged in" the breach of oral agreement and FLSA claims, so the claim should fail "as a matter of law." ECF No. 14 at 11. In response, Mr. Krzyzanowski says that "[c]ourts have rejected this position and maintained that Florida law makes no distinction between wrongful enrichment and unjust enrichment." ECF No. 15 at 8.

In support of their argument, Defendants cite to *State Farm Mutual Automobile Insurance Company v. Lewin* for the proposition that "a claim of unjust enrichment may not be predicated on a wrong committed by a defendant." ECF No. 14 at 11 (quoting 535 F.Supp.3d 1247, 1266 (M.D. Fla. 2021)). However, the quoted language was made in the context of a complaint that could not differentiate the unjust enrichment claim "from other torts alleged." *Lewin,* 535 F.Supp.3d at 1267.

As previously noted, here, the unjust enrichment claim is pled in the alternative to the breach of oral agreement claim. Count II alleges a statutory claim under the FLSA. There are no torts plead in this action, unlike in *Lewin*. Accordingly, I find *Lewin* unpersuasive.

Defendants also cite to *KrunchCash, LLC v. Craig* to suggest that "reincorporat[ing] the same 44 paragraphs" to plead an unjust enrichment claim from the Florida's Uniform Fraudulent Transfer Act is improper because it "merely reallege[d] the same factual predicate." ECF No. 14 at 11-12; No. 22-81415, 2023 WL 2487230, at *10 (S.D. Fla. Mar. 13, 2023). *KrunchCash* is distinguishable from Mr.

18

Krzyzanowski's case. First, *KrunchCash* involved the alleged lack of personal jurisdiction, which is not raised here. 2023 WL 2487230, at *1. Second, the FLSA is not at issue in that case. *Id.* at *2. Third, Mr. Krzyzanowski does not incorporate the facts from his breach of oral agreement claim into his unjust enrichment claim or his FLSA claim. *Compare* ECF No. 11 ¶40-49, *with id.* ¶57. While Mr. Krzyzanowski may incorporate the same background paragraphs into the unjust enrichment and breach of oral agreement claims, the claims are distinct. As well, the breach of an oral agreement and unjust enrichment claims are pled in the alternative, which is an important distinction nonexistent in the *KrunchCash* case. Accordingly, I reject Defendants' reliance on *KrunchCash*.

Finally, Defendants cite to *Guyana Telephone and Telephone Company v. Melbourne International Communications* and *Electrostim Medical Services Incorporated v. Lindsey* regarding whether unjust enrichment can arise from a wrong. ECF No. 14 at 11-12.

In *Guyana*, the court said in a footnote, "As soon as [a] claimant relies on a wrong to supply the unjust factor, the right on which he relies arises from that wrong, not from unjust enrichment." 329 F.3d 1241, 1245 n.3 (11th Cir. 2003). However, in *Absolute Activity Value Master Fund Limited v. Devine*, the court rejected an argument that relied on the same footnote from *Guyana* because it "relies upon a Law Review Article that is not based on Florida law and is merely dicta." 233 F.Supp.3d 1297, 1299 (M.D. Fla. 2017). Further, the court in *Devine* could not find "any Florida legal authority for the proposition that an unjust enrichment claim under Florida law

19

cannot be premised upon wrongful conduct." *Id.* Moreover, Defendants have not cited any post-*Devine* authority for this position.

In *Electrostim*, the court said "[w]here a plaintiff predicates their unjust enrichment claim on wrongful conduct of a defendant, then the plaintiff's right of recovery, if any, arises from the wrong of the alleged tort rather than unjust enrichment." No. 11-cv-2467, 2012 WL 1560647, at *4 (M.D. Fla. May 2, 2012) (quoting *Tilton v. Playboy Ent. Grp.*, No.05-cv-692-T-30, 2007 WL 80858, *3 (M.D. Fla. Jan. 8, 2007)). But, the court in that case is, once again, referencing duplicative actions based on torts, which is not the case at bar. 2012 WL 1560647, at *4. Here, the allegedly duplicative action is for breach of an oral agreement. As well, since *Electrostim* was filed in 2012, it was impliedly reviewed and discredited by the court in the 2017 *Devine* opinion.  Therefore, this reasoning is not applicable.

### E. Leave to Amend

The dismissal of Count III should be without prejudice to Mr. Krzyzanowski seeking leave to file a Second Amended Complaint. The pleading errors in Count III could be remedied, so permitting amendment would not be futile. The proper procedure would be for Mr. Krzyzanowski to file a separate motion for leave to amend that attaches the proposed Second Amended Complaint. *Galindo*, 203 F.3d at 777 n. 10; S. Dist. Fla. Loc. R. 15.1.

## REPORT AND RECOMMENDATION

Accordingly, this Court **RECOMMENDS** that the District Court **GRANT IN PART and DENY IN PART** the Motion to Dismiss. Counts I and II should not be dismissed. Count III should be dismissed without prejudice.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Ed Artau, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 2nd day of April 2026.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE

21